# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANGEL HIGGINS; KANECKA HIGGINS;
and CALVIN BUTTS,

    Plaintiffs,

v.

CARLA FUTCH; and GREG CAMPBELL,

    Defendants.

CIVIL ACTION NO.: CV214-177

## **O R D E R**

Defendant Carla Futch filed a Motion to Dismiss on February 16, 2015 (doc. 9), and Defendant Greg Campbell filed his Motion to Dismiss on February 17, 2015 (doc. 10). The docket in this case indicates that Plaintiffs have not filed a response to Defendants' Motions to Dismiss or requested an extension of time to file a response.

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motions to Dismiss without receiving a response from the Plaintiffs or ensuring that Plaintiffs are advised of the potential ramifications caused by their failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiffs in this case are *pro se* litigants. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint

liberally in favor of plaintiffs, taking all facts alleged by the plaintiffs as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiffs either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiffs ever were made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs shall file any response in opposition to the Defendants' motions for dismissal or to inform the court of their decision not to oppose Defendants' motions **within twenty-one (21) days** of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiffs not timely respond to Defendants' motions, the Court will determine that Plaintiffs do not oppose to the motions. See Local Rule 7.5.

To assure that Plaintiffs' response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby

---

[1] Local Rule 7.5 states, Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion.</u>

(emphasis added).

instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 29th day of May, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA